IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JENNIFER LEE LAMB )
)
v. ) No. 3:12-1061
)
CAROLYN W. COLVIN )
    Acting Commisioner of )
    Social Security )

# **M E M O R A N D U M**

Plaintiff filed this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of the final decision of the Social Security Administration ("Commissioner") denying her claim for a period of disability and Disability Insurance Benefits ("DIB"), as provided under Title II of the Social Security Act ("the Act"). The case is currently pending on Plaintiff's motion for judgment on the administrative record (Docket Entry No. 12), to which Defendant has responded (Docket Entry No. 13). Plaintiff also filed a subsequent reply to Defendant's response (Docket Entry No. 14-1). This action is before the undersigned for all further proceedings pursuant to the consent of the parties and the District Judge in accordance with 28 U.S.C. § 636(c) (Docket Entry No. 21).

Upon review of the administrative record as a whole and consideration of the parties' filings, Plaintiff's motion is **DENIED**, and the decision of the Commissioner is **AFFIRMED**.

# I. INTRODUCTION

Plaintiff filed an application for a period of disability and DIB on August 21, 2008. *See* Transcript of the Administrative Record (Docket Entry No. 10) at 51, 53.[1] She alleged a disability onset date of October 15, 2007. AR 51, 53, 111. Plaintiff asserted that she was unable to work because of seizures and headaches. AR 52, 54.[2]

Plaintiff's applications were denied initially and upon reconsideration AR 51-54. Pursuant to her request for a hearing before an administrative law judge ("ALJ"), Plaintiff testified at a hearing before ALJ Linda Gail Roberts on August 4, 2010. AR 26. On August 24, 2010, the ALJ denied the claim. AR 10-12. The Appeals Council denied Plaintiff's request for review of the ALJ's decision on August 15, 2012 (AR 1-3), thereby making the ALJ's decision the final decision of the Commissioner. This civil action was thereafter timely filed, and the Court has jurisdiction. 42 U.S.C. § 405(g).

# II. THE ALJ FINDINGS

The ALJ issued an unfavorable decision on August 24, 2010. AR 10. Based upon the record, the ALJ made the following enumerated findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2012.

2. The claimant has not engaged in substantial gainful activity since October 15, 2007, the alleged onset date (20 CFR 404.1571 *et seq.*).

---

[1] The Transcript of the Administrative Record is hereinafter referenced by the abbreviation "AR" followed by the corresponding page number(s) as numbered in large black print on the bottom right corner of each page. All other filings are hereinafter referenced by the abbreviation "DE" followed by the corresponding docket entry number and page number(s) where appropriate.

[2] The Commissioner additionally found evidence of chest pain, depression, and post-traumatic stress disorder ("PTSD"). AR 54.

3. The claimant has the following severe impairments: seizure disorder, headaches, major depressive disorder, and anxiety disorder (20 CFR 404.1520(c)).

***

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

***

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) (lift and/or carry 50 pounds occasionally and 25 pounds frequently; stand and/or walk about 6 hours in an 8-hour workday; sit for a total of about 6 hours per day) except that she should never climb ladders, ropes, and scaffolds, and should avoid all exposure to hazards such as machinery and heights. Additionally, the claimant is able to understand and remember and understand simple and detailed instructions; maintain attention, concentration, persistence and pace with some difficulty; interact appropriately with others; and adapt to changes with some difficulty.

***

6. The claimant is capable of performing past relevant work as a placement interviewer (sedentary, skilled). This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).

***

7. The claimant has not been under a disability, as defined in the Social Security Act, from October 15, 2007, through the date of this decision (20 CFR 404.1520(f)).

AR 15-20.

### III. REVIEW OF THE RECORD

The parties and the ALJ have thoroughly summarized and discussed the medical and testimonial evidence of the administrative record. Accordingly, the Court will discuss those matters only to the extent necessary to analyze the parties' arguments.

## IV. DISCUSSION AND CONCLUSIONS OF LAW

### A. Standard of Review

The determination of disability under the Act is an administrative decision. The only questions before this Court upon judicial review are: (i) whether the decision of the Commissioner is supported by substantial evidence; and (ii) whether the Commissioner made legal errors in the process of reaching the decision. 42 U.S.C. § 405(g). *See Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971) (adopting and defining substantial evidence standard in context of Social Security cases); *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854 (6th Cir. 2010). The Commissioner's decision must be affirmed if it is supported by substantial evidence, "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)); *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003); *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999).

Substantial evidence is defined as "more than a mere scintilla" and "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401 (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S. Ct. 206, 83 L. Ed. 126 (1938)); *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007); *LeMaster v. Weinberger*, 533 F.2d 337, 339 (6th Cir. 1976) (quoting Sixth Circuit opinions adopting language substantially similar to that in *Richardson*).

The Court's review of the Commissioner's decision is limited to the record made in the administrative hearing process. *Jones v. Secretary*, 945 F.2d 1365, 1369 (6th Cir. 1991). A reviewing court may not try the case *de novo*, resolve conflicts in evidence, or decide questions

of credibility. *See, e.g.*, *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citing *Myers v. Richardson*, 471 F.2d 1265, 1268 (6th Cir. 1972)). The Court must accept the ALJ's explicit findings and determination unless the record as a whole is without substantial evidence to support the ALJ's determination. 42 U.S.C. § 405(g). *See, e.g.*, *Houston v. Sec'y of Health & Human Servs.*, 736 F.2d 365, 366 (6th Cir. 1984).

### B. Determining Disability at the Administrative Level

The claimant has the ultimate burden of establishing an entitlement to benefits by proving her "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 432(d)(1)(A). The asserted impairment(s) must be demonstrated by medically acceptable clinical and laboratory diagnostic techniques. *See* 42 U.S.C. §§ 432(d)(3) and 1382c(a)(3)(D); 20 C.F.R. §§ 404.1512(a), (c), and 404.1513(d). "Substantial gainful activity" not only includes previous work performed by the claimant, but also, considering the claimant's age, education, and work experience, any other relevant work that exists in the national economy in significant numbers regardless of whether such work exists in the immediate area in which the claimant lives, or whether a specific job vacancy exists, or whether the claimant would be hired if she applied. 42 U.S.C. § 423(d)(2)(A).

In the proceedings before the Social Security Administration, the Commissioner must employ a five-step, sequential evaluation process in considering the issue of the claimant's alleged disability. *See Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001); *Abbot v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). First, the claimant must show that she is not

engaged in "substantial gainful activity" at the time disability benefits are sought. *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th Cir. 2007); 20 C.F.R. §§ 404.1520(b), 416.920(b). Second, the claimant must show that she suffers from a severe impairment that meets the 12-month durational requirement. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). *See also Edwards v. Comm'r of Soc. Sec.*, 113 F. App'x 83, 85 (6th Cir. 2004). Third, if the claimant has satisfied the first two steps, the claimant is presumed disabled without further inquiry, regardless of age, education or work experience, if the impairment at issue either appears on the regulatory list of impairments that are sufficiently severe as to prevent any gainful employment or equals a listed impairment. *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006); 20 C.F.R. §§ 404.1520(d), 416.920(d). A claimant is not required to show the existence of a listed impairment in order to be found disabled, but such showing results in an automatic finding of disability that ends the inquiry. *See Combs, supra*; *Blankenship v. Bowen*, 874 F.2d 1116, 1122 (6th Cir. 1989).

If the claimant's impairment does not render her presumptively disabled, the fourth step evaluates the claimant's residual functional capacity in relationship to her past relevant work. *Combs, supra.* "Residual functional capacity" ("RFC") is defined as "the most [the claimant] can still do despite [her] limitations." 20 C.F.R. §§ 404.1545(a)(1). In determining a claimant's RFC, for purposes of the analysis required at steps four and five, the ALJ is required to consider the combined effect of all the claimant's impairments, mental and physical, exertional and nonexertional, severe and nonsevere. *See* 42 U.S.C. §§ 423(d)(2)(B), (5)(B); *Foster v. Bowen*, 853 F.2d 483, 490 (6th Cir. 1988). At the fourth step, the claimant has the burden of proving an inability to perform past relevant work or proving that a particular past job should not be considered relevant. *Cruse*, 502 F.3d at 539; *Jones*, 336 F.3d at 474. If the claimant cannot

satisfy the burden at the fourth step, disability benefits must be denied because the claimant is not disabled. *Combs*, *supra.*

If a claimant is not presumed disabled but shows that past relevant work cannot be performed, the burden of production shifts at step five to the Commissioner to show that the claimant, in light of the claimant's RFC, age, education, and work experience, can perform other substantial gainful employment and that such employment exists in significant numbers in the national economy. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) (quoting *Walters v. Comm'r of Soc. Sec.*, 402 F.3d 525, 529 (6th Cir. 1997)). *See also Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994). To rebut a *prima facie* case, the Commissioner must come forward with proof of the existence of other jobs a claimant can perform. *Longworth*, 402 F.3d at 595. *See also Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 528 (6th Cir. 1981), *cert. denied*, 461 U.S. 957, 103 S. Ct. 2428, 77 L. Ed. 2d 1315 (1983) (upholding the validity of the medical-vocational guidelines grid as a means for the Commissioner of carrying his burden under appropriate circumstances). Even if the claimant's impairments prevent the claimant from doing past relevant work, if other work exists in significant numbers in the national economy that the claimant can perform, the claimant is not disabled. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 652 (6th Cir. 2009). *See also Tyra v. Sec'y of Health & Human Servs.*, 896 F.2d 1024, 1028-29 (6th Cir. 1990); *Farris v. Sec'y of Health & Human Servs.*, 773 F.2d 85, 88-89 (6th Cir. 1985); *Mowery v. Heckler*, 771 F.2d 966, 969-70 (6th Cir. 1985).

If the question of disability can be resolved at any point in the sequential evaluation process, the claim is not reviewed further. 20 C.F.R. § 404.1520(a)(4). *See also Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988) (holding that resolution of a claim at step two of the evaluative process is appropriate in some circumstances).

**C. The ALJ's Five-Step Evaluation of Plaintiff**

In the instant case, the ALJ resolved Plaintiff's claim at step four of the five-step process. The ALJ determined that Plaintiff met the first two steps, but found at step three that Plaintiff was not presumptively disabled because she did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. At step four, the ALJ found that Plaintiff was able to perform past relevant work as a placement interviewer, and thus concluded that Plaintiff has not been under a disability since the alleged onset date of October 15, 2007. AR 15-20.

**D. Plaintiff's Assertions of Error**

Plaintiff argues that the ALJ erred by: (1) finding that Plaintiff could perform past work as a placement interviewer; (2) including impermissible language in the assigned RFC; and (3) failing to properly consider all of Plaintiff's impairments. (DE 12-1 at 1-2). Plaintiff therefore requests that this case be reversed and benefits awarded, or, alternatively, that this case be remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further consideration by a new ALJ. (*Id.* at 13).

Sentence four of 42 U.S.C. § 405(g) states the following:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

42 U.S.C. § 405(g), 1383(c)(3). "In cases where there is an adequate record, the [Commissioner's] decision denying benefits can be reversed and benefits awarded if the decision is clearly erroneous, proof of disability is overwhelming, or proof of disability is strong and

evidence to the contrary is lacking." *Mowery*, 771 F.2d at 973. Furthermore, a court can reverse the decision and immediately award benefits if all essential factual issues have been resolved and the record adequately establishes a claimant's entitlement to benefits. *Faucher v. Secretary*, 17 F.3d 171, 176 (6th Cir. 1994). *See also Newkirk v. Shalala,* 25 F.3d 316, 318 (1994). The Court will address each of Plaintiff's assertions of error below.

**1. The ALJ's finding that Plaintiff can perform past relevant work.**

Plaintiff first argues that the ALJ's step-four denial of benefits warrants reversal because the past relevant work identified by the ALJ, placement interviewer, is skilled work that is precluded by the RFC. DE 12-1 at 7.[3] Plaintiff points to the ALJ's indication that Plaintiff has moderate difficulties in maintaining concentration, persistence or pace (AR 16), and claims that such a limitation is "widely regarded to preclude the performance of skilled work." DE 12-1 at 7. Notably, Plaintiff fails to provide any citation or other evidence in her brief to support this contention.

> The regulations define "skilled work" in the following way:
>
> Skilled work requires qualifications in which a person uses judgment to determine the machine and manual operations to be performed in order to obtain the proper form, quality, or quantity of material to be produced. Skilled work may require laying out work, estimating quality, determining the suitability and needed quantities of materials, making precise measurements, reading blueprints or other specifications, or making necessary computations or mechanical adjustments to control or regulate the work. Other skilled jobs may require dealing with people, facts, or figures or abstract ideas at a high level of complexity.

20 C.F.R. § 404.1568(c). Plaintiff's argument focuses on the mental limitations contained in the assigned RFC, which include the following: "[Plaintiff] is able to understand and remember

---

[3] Plaintiff erroneously identifies the past relevant work cited by the ALJ as "production helper." DE 12-1 at 7.

simple and detailed instructions; maintain attention, concentration, persistence and pace with some difficulty; interact appropriately with others; and adapt to changes with some difficulty." AR 17.

In concluding that Plaintiff could perform her past work as a placement interviewer, the ALJ relied on the testimony of a vocational expert ("VE") provided during Plaintiff's hearing. Testimony from a VE regarding the availability of suitable work may constitute substantial evidence where the testimony is elicited in response to a hypothetical question that accurately sets forth the claimant's physical and mental impairments. *Smith v. Halter,* 307 F.3d 377, 378-79 (6th Cir. 2001) (citing *Varley v. Sec'y of HHS,* 820 F.2d 777, 779 (6th Cir. 1987)). In posing a hypothetical question to the VE, the ALJ is "required to incorporate only those limitations" that she "accept[s] as credible[.]"*Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993) (internal citation omitted).

In the case at bar, Plaintiff provided no opinion from a treating source regarding the extent of her alleged mental limitations. The ALJ therefore considered the opinions of three mental health providers: Jeffrey Viers, M.A., Dr. Rebecca Joslin, and Dr. Brad Williams. Mr. Viers provided a consultative psychological evaluation of Plaintiff in December of 2008, at which point he opined that Plaintiff had "mild to moderate difficulty with concentration and pace." AR 254. In January of 2009, Dr. Joslin provided a mental RFC assessment and psychiatric review technique based on Plaintiff's medical records, and ultimately determined that Plaintiff was "moderately limited" in two areas relating to "sustained concentration and pace:" (1) the ability to maintain attention and concentration for extended periods of time, and (2) the ability to complete a normal workday without interruption from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest

period. AR 256-57.[4] Dr. Joslin found that Plaintiff was "not significantly limited" in the remaining six areas relating to sustained concentration and pace. *Id.*

Dr. Joslin also completed a functional capacity assessment, in which she opined that Plaintiff was: (a) able to understand and remember simple and detailed [instructions]; (b) able, with some [difficulty] to maintain attention, concentration, persistence and pace; (c) able to interact [appropriately] with others; and (d) able, with some [difficulty] to adapt to changes. AR 258. In March of 2009, Dr. Williams affirmed Dr. Joslin's findings, including her determination that Plaintiff has "moderate" limitations with concentration, persistence, and pace. AR 380.

During the hearing, the ALJ posed a hypothetical to the VE regarding Plaintiff's ability to perform her previous job as a placement interviewer based on the mental limitations assigned by Dr. Joslin, whose opinion was accorded "significant weight." AR 20. Indeed, the posed hypothetical quoted Dr. Joslin's proposed limitations nearly verbatim:

> ALJ: I would like to use the medical source statement in Exhibit 7F [Dr. Joslin's functional capacity assessment]. Based on that, which is … able to understand and remember simple and detailed [instructions] … able with some difficulty to maintain attention, concentration, persistence, and … to interact appropriately with others, able with some difficulty to adapt to change. Could [Plaintiff] do her past work with that?
>
> VE: Yes.

AR 47. The ALJ posed an additional hypothetical to the VE based on the mental limitations noted in the report completed by Mr. Viers, which included "mild to moderate difficulty with concentration and pace." AR 48, 254. The VE again confirmed that Plaintiff would be able to return to her previous job despite these limitations. AR 48. The ALJ properly incorporated in the

---

[4] According to the scale on the mental RFC assessment, "moderately limited" is more severe than "not significantly limited," but less severe than "markedly limited." AR 256.

hypotheticals presented to the VE all of the restrictions pertaining to concentration, persistence, and pace included in the reports provided by both Dr. Joslin and Mr. Viers, who confirmed that Plaintiff would be able to perform her past relevant work as placement interviewer despite her limitations in these areas.

A claimant who can perform her past relevant work is not disabled. 20 C.F.R. § 404.1560(b)(3). In determining whether a claimant can perform her past relevant work, the ALJ first determines the claimant's RFC. 20 C.F.R. § 404.1520(e). The VE is an impartial witness who is permitted to testify as to whether, based on the claimant's RFC, the claimant can perform her past relevant work. *See Pratt v. Comm'r of Soc. Sec.*, 72 F. App'x 417, 419 (6th Cir. 2003); *Studaway v. Sec'y of Health & Human Servs.*, 815 F.2d 1074, 1076 (6th Cir. 1987). A VE's testimony in response to an accurate hypothetical represents substantial evidence that the claimant has the vocational qualifications to perform specific jobs. *Dyer v. Soc. Sec. Admin.*, 568 F. App'x 422, 428-29 (6th Cir. 2014) (internal citations omitted). The ALJ in this case determined that Plaintiff could perform her past job as a placement interviewer despite the assigned limitations involving concentration, persistence, and pace, based on the testimony of the VE. AR 20. The Court thus concludes that substantial evidence supports the ALJ's determination that Plaintiff can perform her previous work as a placement interviewer.

Nevertheless, Plaintiff argues that her limitations in maintaining concentration, persistence, and pace are incompatible with the requirements of the placement interviewer position. DE 12-1 at 7-8. Plaintiff recites some of these requirements, which include applying principles of logical or scientific thinking and drawing valid conclusions, but fails to explain in any way how these requirements are precluded by her limitations with respect to concentration, persistence, or pace. Plaintiff instead states that such limitations are "widely regarded" to

preclude skilled work, yet fails to identify any regulation, Social Security ruling, or court opinion that confirms this assertion.

Despite the deficiency of Plaintiff's argument, the Court acknowledges the regulatory language indicating that "other skilled jobs may require dealing with people, facts, or figures or abstract ideas at a high level of complexity." 20 C.F.R. § 404.1568(c). Such a requirement might be viewed as involving the type of concentration, persistence, and pace that Plaintiff appears to lack, based on the opinions of Dr. Joslin and Mr. Viers. In a similar case from the Eastern District of Michigan, the District Court reversed an ALJ's determination that a claimant was able to perform skilled work, and directed the ALJ to consider the impact of "moderate" limitations in concentration, persistence, and pace on the ALJ's conclusion that the subject claimant could engage in skilled work:

> [T]he ALJ should provide some discussion of whether Plaintiff has moderate deficiencies in concentration, persistence, or pace … and if so, what impact those deficits have on Plaintiff's RFC. In addition, the ALJ should revisit and if necessary provide additional support showing Plaintiff's ability to engage in skilled work. The ALJ may also find it necessary to revisit the hypothetical questions and step five determination.

*Mitchell v. Comm'r of Soc. Sec.*, No. 13-10178, 2014 WL 1230036, at *8 (E.D. Mich. Mar. 25, 2014). However, there are significant differences in the *Mitchell* case and the instant matter. For one, the Michigan Court found the ALJ in that case failed to specify the weight given to the findings of a State agency psychologist who had concluded that the subject claimant had moderate limitations in concentration. *Id*. at 6. More importantly, the ALJ then failed to incorporate any limitations regarding the claimant's ability to sustain concentration and persistence into the assigned RFC. *Id*. Further, the testimony of the VE in *Mitchell*, who found that the claimant could perform her past relevant work at the skilled level, was based on a

13

hypothetical that included no mental limitations at all. *Id*. at *8. Indeed, the District Court noted that "[i]t is unclear what testimony the VE would have offered had the ALJ … included in the hypothetical a moderate impairment in concentration or persistence." *Id*.

Conversely, the ALJ in this case posed hypotheticals to the VE that included the specific limitations in the RFC with respect to concentration, persistence, and pace. AR 17, 47-48. As noted above, a VE's testimony in response to an accurate hypothetical represents substantial evidence that the claimant has the vocational qualifications to perform specific jobs. *Dyer*, 568 F. App'x at 428-29.

Plaintiff alternatively argues that there is a conflict between the VE's testimony and the Dictionary of Occupational Titles ("DOT"), and faults the ALJ for failing to explain how Plaintiff's moderate difficulties in concentration, persistence, and pace were consistent with her past relevant work. DE 12-1 at 8. In doing so, Plaintiff mistakenly attempts to shift her burden to the ALJ. The ALJ explicitly asked the VE during the hearing if there was such a conflict (AR 49), which is consistent with her duty under SSR 00-4p. *See* 2000 WL 1898704, at *4 ("When a VE … provides evidence about the requirements of a job or occupation, the [ALJ] has an affirmative responsibility to ask about any possible conflict between that VE … and information provided in the DOT."). The VE testified that no conflict existed. AR 49. Plaintiff, who opted to proceed without representation despite the ALJ's offer to suspend her hearing to give her an opportunity to obtain counsel (AR 28-30), did not bring the perceived mistake in the VE's testimony to the ALJ's attention. This is significant, as the ALJ is not required to independently verify the consistency of the VE's testimony. *See Martin v. Comm'r of Soc. Sec.*, 170 F. App'x 369, 374 (6th Cir. 2006) ("Nothing in SSR 00-4p places an affirmative duty on the ALJ to conduct an independent investigation into the testimony of witnesses to determine if they

are correct."). The burden was therefore on Plaintiff, and not the ALJ, to address any perceived conflict. *See id.* ("Because [the claimant] did not bring the conflict to the attention of the ALJ, the ALJ did not need to explain how the conflict was resolved. Here, the ALJ specifically asked if there was a conflict and the uncontradicted testimony of the [VE] indicated that no conflict existed."). Plaintiff's argument is therefore unavailing.

Based on the foregoing analysis, the Court finds that substantial evidence supports the ALJ's conclusion that Plaintiff can perform her past work as a placement interviewer.

**2. The RFC.**

Plaintiff next argues that the assigned RFC is deficient because it fails to include a function-by-function assessment that clearly delineates the vocationally relevant limitations that apply to her in a work setting. DE 12-1 at 8-9. Plaintiff further claims that the RFC's statement that she is able to "maintain attention, concentration, persistence and pace with *some difficulty* … and adapt to changes with *some difficulty*" (AR 17) (emphasis added) represents "impermissible" language. DE 12-1 at 9. Plaintiff additionally contends that because the hypothetical questions posed to the VE used this language, such questions failed to adequately describe her mental limitations. *Id*. at 10.

As an initial matter, Plaintiff's claim that the phrase "some difficulty" cannot be used in an RFC is simply false. *See Stevenson v. Colvin*, No. 3:12-cv-0462, 2014 WL 6462038, at *13 (M.D. Tenn. Nov. 17, 2014) ("[P]laintiff's argument that the ALJ's use of the phrase 'some difficulty' constitutes reversible error or somehow fails to sufficiently describe the degree of Plaintiff's impairment is in direct contradiction to case law and industry usage[.]"). Indeed,

15

Plaintiff fails to cite any opinion, regulation, or Social Security ruling containing a contrary conclusion. The Court therefore finds no error in the use of "some difficulty" in the RFC, or in the ALJ's questioning of the VE regarding the impact of this limitation on Plaintiff's ability to perform her previous job as a placement interviewer.

Plaintiff's claim that the ALJ committed reversible error by failing to include a function-by-function assessment similarly contradicts relevant case law. Plaintiff states baldly that the ALJ "failed to define or make clear what 'some difficulty' amounts to or how this limitation affects Plaintiff's ability to work." DE 14-1 at 4. However, while SSR 96-8p mandates that the RFC "assess [the claimant's] work-related abilities on a function-by-function basis," this "does not require ALJs to produce such a detailed statement in writing." *Delgado v. Comm'r of Soc. Sec.*, 30 F. App'x 542, 547 (6th Cir. 2002) (internal citation omitted). This is because there is a difference "between what an ALJ must consider and what an ALJ must discuss in a written opinion." *Id*. at 547-48. The ALJ must, however, "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved," discuss "why reported symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical and other evidence," "consider and address medical source opinions," and "[i]f the RFC assessment conflicts with an opinion from a medical source … explain why the opinion was not adopted." SSR 96-8p, 1996 WL 374184, at *7.

Here, Plaintiff points to no inconsistencies in the record that would have necessitated resolution by the ALJ. The Court notes that the ALJ's discussion of the RFC assessment spans four pages and includes a summary of Plaintiff's testimony, the testimony of Plaintiff's ex-husband, a discussion of the medical evidence of record, and a summary of the opinions provided by Dr. Reeta Misra, Dr. Marvin Cohn, Mr. Viers, Dr. Joslin, and Dr. Williams. AR 17-

20.[5] This discussion also included the ALJ's assignment of "significant weight" to the opinion of Dr. Joslin, who determined that Plaintiff could "maintain attention, concentration, persistence and pace with some difficulty[,] interact appropriately with others[,] and adapt to changes with some difficulty." AR 20. The ALJ additionally determined that the opinion of Dr. Joslin, which was affirmed by Dr. Williams, was consistent with Mr. Viers's opinion. AR 20. The ALJ concluded by noting that "the above [RFC] assessment is supported by the claimant's credible testimony, the objective medical evidence of record, and the opinions of Drs. Misra and Joslin." *Id*.[6] The Court finds that this narrative discussion is sufficient, and thus concludes that the ALJ's RFC assessment is supported by substantial evidence.

### 3. The ALJ's consideration of Plaintiff's impairments.

Plaintiff finally argues that the ALJ failed to include all of the relevant limitations stemming from her severe impairments in the assigned RFC. DE 12-1 at 10. Plaintiff specifically argues that the ALJ failed to accommodate her seizure disorder and chronic headaches, both of which were determined to represent severe impairments. AR 15. Plaintiff concedes that the RFC includes "seizure precautions" pertaining to hazards and heights, but contends that the RFC "fails to account for the seizures which [she] continues to have, or her chronic, persistent headaches[.]" DE 12-1 at 12.

In support of her argument, Plaintiff references multiple office notes documenting her treatment with nurse practitioner Robbie Webb, including a notation that Plaintiff's anti-seizure

---

[5] The Court reiterates that Plaintiff failed to proffer any medical opinion regarding the extent of her functional limitations.

[6] Dr. Misra completed a physical RFC assessment of Plaintiff on November 25, 2008. AR 249.

medication (Keppra) was increased in January of 2009 due to a spike in recent seizure activity. AR 393-94. However, Plaintiff subsequently reported in April of 2009 that she was having fewer seizures with her medication (AR 391), and in July of 2009, Plaintiff reported that she was experiencing no seizures. AR 387. Additionally, an office note from January of 2010 indicates that Keppra "is controlling [her] seizure[s]." AR 385. This progressive improvement was discussed in the ALJ's opinion. AR 18.

Plaintiff additionally points to a 2004 electroencephalograph report ("EEG") that revealed primary generalized epilepsy. AR 202. This diagnosis is not in dispute, however, as evidenced by the ALJ's conclusion that Plaintiff's seizure disorder represents a severe impairment. AR 15. Furthermore, the mere diagnosis of an impairment "says nothing about the severity of the condition." *Higgs*, 880 F.2d at 863. *See also Hill v. Comm'r of Soc. Sec.*, 560 F. App'x 547, 551 (6th Cir. 2014) ("[D]isability is determined by the functional limitations imposed by a condition, not the mere diagnosis of it.") (internal citation omitted). Moreover, Plaintiff's condition appears to be controlled by her anti-seizure medication, as noted by her own treating provider, Ms. Webb. AR 284.

Notwithstanding this evidence, Plaintiff claims that the RFC fails to include any limitation relating to the amount of time she will be forced to miss due to her seizures. DE 12-1 at 12. Plaintiff fails, however, to identify any medical opinion indicating that she would be forced to miss time due to seizure activity. Plaintiff instead relies on her own testimony regarding the frequency and severity of the seizures, which the ALJ found was not credible due to medical records that undermined her claims. AR 19. The ALJ thus appropriately incorporated into the RFC the mental limitations endorsed in Dr. Joslin's opinion, which she accorded "significant weight." AR 20, 258.

Plaintiff also contends that the ALJ erred by failing to incorporate any limitations into the RFC relating to her headaches. In support, Plaintiff cites Mr. Viers's statement that any limitations caused by headaches should be evaluated by a neurologist. DE 14-1 at 4-5; AR 253-54. This proves nothing with respect to the severity of these headaches, however, and underscores Plaintiff's failure to offer medical evidence to support her allegations regarding the extent of her alleged impairments. The ALJ determined that Dr. Joslin's opinion as to Plaintiff's mental limitations was worthy of significant weight based on her review of the record, which she was entitled to do, and Plaintiff has offered no medical opinion that controverts Dr. Joslin's findings. *See Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001) ("The burden lies with the claimant to prove that she is disabled.") (citing *Casey*, 987 F.2d at 1233). The Court thus finds that the RFC is supported by substantial evidence.

## V. CONCLUSION

For the above stated reasons, Plaintiff's motion for judgment on the administrative record (DE 12) is DENIED. An appropriate Order will accompany this memorandum.

_____
BARBARA D. HOLMES
United States Magistrate Judge